IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | § | |
|---|---|---|
| **CELESTE ELIZABETH HOWEY,** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:22-CV-747-P |
| | § | |
| **CENDERA FUNDING CORP., et al.,** | § | |
| **DEFENDANTS.** | § | |
| | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION ON DEFENDANT TRUIST BANK'S MOTION TO DISMISS

Pending before the Court is Defendant Truist Bank ("Defendant" or "Truist")'s Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Def.'s Mot."), filed October 7, 2022 [doc. 27]. Having carefully considered the motion, the parties' briefings, and all relevant applicable law, the Court **RECOMMENDS** that Truist's motion be **GRANTED** and that all claims against it be **DISMISSED**.

### I. PROCEDURAL AND FACTUAL BACKGROUND[1]

This case involves a dispute arising out of two real property mortgages—an original mortgage and the current mortgage—on Plaintiff's Burleson, Texas real property[2] and a pending foreclosure on said property by Truist. (Plaintiff's Amended Complaint ("Pl.'s Am. Compl.") at 5-6.) Plaintiff Celeste Elizabeth Howey ("Howey") filed her *pro se* complaint on August 25, 2022, naming Cendera Funding Corporation ("Cendera")[3] and Truist as Defendants.

---

[1] The factual background is taken from Howey's First Amended Complaint [doc. 26]. For the purposes of this order, the Court presumes that all of Howey's well-pleaded factual allegations are true.

[2] The real property is 206 Sherry Lane Burleson, Texas 76028, hereinafter referred to as "Sherry Lane."

[3] On December 6, 2022, the Court recommended dismissal of claims against Cendera, a real estate company that offers property buying, mortgages, and financing services, pursuant to Federal Rule of Civil Procedure 4(m). United States District Judge Mark Pittman accepted the recommendation and all claims against Cendera were dismissed on December 20, 2022 [doc. 43]. Accordingly, the Court will not address Howey's claims against Cendera.

Subsequently, Howey filed her Amended Complaint [doc. 26], the live pleading before the Court, on October 6, 2022. In her pleading, Howey apparently claims the current mortgage is a refinance of the original mortgage and that the original mortgage's Deed of Trust ("DOT") was not released. (*Id*. at 4.) From this, Howey somehow claims that she is now a creditor and Cendera an obligor on the original loan, and that Truist is prevented from enforcing the original mortgage's DOT and foreclosing on her property. (*Id*. at 6.)

Plaintiff pleads the following facts in support of her claims: In August 2008, Howey and her husband signed a DOT for Sherry Lane ("2008 DOT") with WR Starkey Mortgage, L.L.P. ("Starkey") as the lender. (Pl.'s Am. Compl. Ex. 1 at 4.) The 2008 DOT was duly recorded in Johnson County, Texas. (*Id*. at 35.) In April, 2012, Howey and her husband signed and executed a new DOT ("2012 DOT") with Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary and nominee for Cendera. (Def.'s Mot. Ex. C. at 28.) Shortly thereafter, the 2012 DOT was duly recorded in Johnson County, Texas. (*Id*.) In April 2022, MERS, on behalf of Cendera, conveyed, assigned and transferred the 2012 DOT to Truist. (*Id*.) This, too, was duly recorded in Johnson County. (*Id*. at 29.)

The recorded 2012 DOT, included as an exhibit Howey's Amended Complaint, provides as follows:

> **20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law.

(Pl.'s Am. Compl. Ex. 1 at 14-15 (emphasis in original).) The 2012 DOT released the previously recorded 2008 DOT. The Release of Lien associated with the 2012 DOT states that the DOT "dated 08/15/2008, hereby satisfied, releases and discharges the lien recorded in the

Real Property Records of JOHNSON County, Texas on 08/22/2008." (Pl.'s Am. Compl. Ex. 4 at 33; Def.'s Mot. Ex. B at 25.)

Included as an exhibit to Truist's motion is a copy of the filed and recorded Assignment of Deed of Trust for the 2012 DOT, which reads as follows:

> For good and valuable consideration, the sufficiency of which is hereby acknowledged, [MERS], AS BENEFICIARY, AS NOMINEE FOR CENDERA FUNCING, INC., A TEXAS CORPORATION, ITS SUCCESSORS AND ASSIGNS . . . . by these presents does convey, assign, transfer and set over to: TRUIST BANK [], the following described Deed of Trust, with all interest, all liens, and any rights due or to become due thereon. Said Deed of Trust for $404219.00 is recorded in the State of TEXAS, County of Johnson Official Records, dated 03/21/2012 and recorded on 03/27/2012.

(Def.'s Resp. Ex. C at 28 (emphasis omitted).)

Truist filed its motion to dismiss [doc. 27] on October 7, 2022; Howey filed her response [doc. 34] and Truist replied [doc. 37]. Truist presents four arguments for dismissal: (1) Howey fails to allege facts to support any federal constitutional claims; (2) Howey fails to allege facts to support her claim that Truist, a mortgage lender, is a fiduciary and somehow breached a fiduciary duty to Plaintiff ; (3) Howey fails to plead facts to support her claim that there is a basis to release the original loan's DOT, (4) Howey fails to allege facts to support a claim for wrongful debt collection or a negligence claim, and (5) Howey fails to plead facts to support a claim for unjust enrichment. (Def.'s Mot. at 2-4.)

## II. MOTION TO DISMISS STANDARD

The standard for a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) authorizes courts to dismiss complaints when they fail "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Under this Rule 12(b)(6) standard, pleadings must show specific, well-pleaded facts, and not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). Indeed, the plaintiff must plead "enough

facts to state a claim to relief that is plausible on its face," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). The Court need not credit bare conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Id*. at 555.

In considering a motion to dismiss for failure to state a claim, a court may consider: (1) the pleadings and any attachments to the pleadings; (2) documents incorporated into the complaint by reference; and (3) documents that a defendant attaches to its motion to dismiss if those documents are referred to in the plaintiff's complaint and are central to the plaintiff's claim, such as insurance policies and underlying complaints. FRCP 12(b)(6); *see also Gilchrist Constr. Co., LLC. V. Travelers Indem. Co.,* 358 F.Supp.2d 583 (W.D. La. Jan. 11, 2019) (Court considers insurance documents not included in plaintiff's complaint but central to plaintiff's insurance claims), citing [Little v. USAA Cas. Ins. Co., No. 09-30948, 2010 WL 4909869, at *2 (5th Cir. 2010)](#).

To defeat a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). The Court is not bound to accept legal conclusions as true. *Iqbal*, 556 U.S. at 678–79. Only a complaint that states a plausible claim for relief survives a motion to dismiss.[4]

---

[4] Because Howey is a *pro se* litigant, the Court has a duty to liberally construe the pleadings and motions in her favor. Thus, her papers are held to a less stringent standard than formal pleadings drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam).

## III. ANALYSIS

Amidst several unclear allegations and arguments, Howey essentially argues that Truist is unable to enforce its interest in, and ability to foreclose on, Sherry Lane for a number of reasons. She alleges federal constitutional issues, breach of fiduciary duty, unenforceability of the Sherry Lane DOTs, wrongful debt collection/negligence and unjust enrichment theories. Specifically, Howey claims that she "tender[ed] in good faith the correct amount as shown in in Cendera's old Deed of Trust dated March 21, 2012, for liquidating by Accord and Full Satisfaction and settlement of the debt, requiring the release of Cendera's old Securities Agreement," therefore "settl[ing] the debt Truist claims [] against the original terms and conditions offered by Cendera's old Deed of Trust dated March 21, 2012." (Pl.'s Am. Compl. at 12.)  In its motion to dismiss, Truist takes issue with each of the foregoing claims/theories posited by Howey and points out how Howey's pleadings fail to state a claim for relief under each argument.  Specifically, Truist directs the court to specific allegations in Howey's pleadings and/or the elements of each of her claims which are lacking and warrant dismissal.  The Court will consider each of these arguments.

First, Truist is correct in asserting that Plaintiff has failed to allege facts sufficient to state any basis for a federal constitutional claim or breach of fiduciary duty on the part of Truist. Taking Plaintiff's allegations as true as to Truist's status as a bank, there is no allegation that it is a "state entity" or otherwise a "state actor" for there to be any basis for a due process constitutional violation that could be actionable in this matter.  Further, Plaintiff has failed to credibly allege that Truist, as a bank, owed any type of fiduciary duty to Plaintiff such that a cause of action for breach of such fiduciary duty could be maintained.  Accordingly, Plaintiff has failed to allege facts sufficient to state a claim for any federal constitutional claim or breach of fiduciary duty claim.

Next, Plaintiff has alleged that DOTs should have been released and that Truist has no legal basis to enforce its interest in her property or foreclose thereon. However, Howey offers no legal or factual allegations that would support such a claim. Chapter 51 of the Texas Property Code provides the Texas law governing enforcement of a deed of trust which creates a lien against real property. *See* Tex. Prop. Code Ann. §§ 51.0001-.015 (West 2007 & West Supp. 2011). Under Texas law, if a DOT expressly provides for the power of sale then a party to that deed of trust has such authority. *See Slaughter v. Qualls*, 162 S.W.2d 671, 675 (Tex. 1942); *Athey v. Mortg. Elec. Reg. Sys, Inc.*, 314 S.W.3d 161, 166 (Tex. App.—Eastland 2010, pet. denied). A "mortgagee" may enforce a security instrument through a nonjudicial foreclosure sale, either directly or through a mortgage servicer. *See* Tex. Prop. Code Ann. § 51.0025 (West Supp. 2011) (mortgage servicer may administer foreclosure of property under Texas Property Code section 51.002 on behalf of mortgagee); *see also* Tex. Prop. Code Ann. § 51.0001(3) (West Supp. 2011) (recognizing that a "mortgagee may be the mortgage servicer"). A mortgage servicer may foreclose if it is (1) authorized to do so by agreement with the mortgagee, and (2) discloses its relationship to the mortgagee in the notices required by the Texas Property Code. *See* Tex. Prop. Code Ann. §§ 51.002, .0025 (West Supp. 2011). Further, a "mortgagee" is defined to include an individual who meets the following, "if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." *See* Tex. Prop. Code Ann. § 51.0001(4)(C) (West Supp. 2011).

Plaintiff fails to allege any facts that would credibly present a claim that the lien interest held by Truist is invalid under Texas law and that Truist did not have a right to exercise its foreclosure rights under Texas law. In fact, the DOTs and Release of Lien documents before the Court refute any such allegation in that because MERS had the power to foreclose and sell the property, and had the power to assign these rights to Truist, MERS's assignment to Truist was

6

sufficient to give Truist, "the last person"—here an entity—to whom the 2012 DOT has been assigned of record, the authority to foreclose Sherry Lane. (Def.'s Mot. Ex. B. at 29.) Thus, by the explicit terms of the 2012 DOT and the Assignment of the Deed of Trust and under Texas law, Plaintiff cannot credibly assert any facts that would state a cause of action for an invalid lien or wrongful foreclosure.

Finally, Howey's claims for wrongful debt collection, negligence, and unjust enrichment similarly fail. As stated above and for those same reasons, Plaintiff can set forth no set of facts which would support a claim that Truist's actions in foreclosing Sherry Lane were wrongful or negligently conducted. Further, while unjust enrichment is not an independent cause of action in its own right, *see Richardson Hosp. Auth., v. Nnamdi Duru*, 387 S.W.3d 109, 114 (Tex.App.—Dallas 2012, no pet.), Howey has failed to state facts sufficient to state a claim of unjust enrichment—that is, there are no facts sufficient to support a claim that Truist failed to "make restitution of benefits either wrongfully or passively received under circumstances which give rise to an implied or quasi-contractual obligation to repay" Plaintiff under the live pleadings in this case. (*Id*.)

## IV. RECOMMENDATION

For the reasons set above, the Court **RECOMMENDS** that Truist's Motion to Dismiss [doc. 27] be **GRANTED**.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only

make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections to 14 days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **APRIL 6, 2023**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusion and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March 23, 2023.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE