UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**CELESTE ELIZABETH HOWEY,**

   Plaintiff,

v.                                          No. 4:22-cv-0747-P

**TRUIST BANK,**

   Defendant.

### ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On March 23, 2023, the United States Magistrate Judge issued Findings, Conclusions, and a Recommendation ("FCR") in this case. ECF No. 44. The FCR recommended that the Court grant Defendant's Motion to Dismiss Plaintiff's Complaint for failure to state a claim. *Id.* at 1. Plaintiff filed Objections to the FCR on April 3, 2023, and Defendant filed a Response on April 6, 2023. ECF Nos. 45, 46. The Court accordingly conducts a *de novo* review of the FCR.

For the following reasons, the Court **AFFIRMS** the Magistrate's ruling, **ADOPTS** the reasoning in the Magistrate Judge's FCR (ECF No. 44), and **OVERRULES** Plaintiff's Objection (ECF No. 45).

### BACKGROUND

In August 2008, Plaintiff and her husband executed a Deed of Trust for a property with WR Starkey Mortgage, LLP, which was recorded in Johnson County, Texas. ECF No. 44 at 2. In April 2012, Plaintiff executed a second Deed of Trust on the same property naming Mortgage Electronic Registration Systems, Inc. as beneficiary and nominee for Cendera Funding Corporation. *Id.* at 1–2. The second Deed of Trust was also recorded in Johnson County, Texas. *Id.*

In April 2022, Mortgage Electronic assigned Plaintiff's second Deed of Trust to Defendant Truist Bank on behalf of Cendera. *Id.* at 3. The second Deed of Trust released Plaintiff's first Deed of Trust on April 30,

2012. ECF No. 29 at 25. Defendant later began foreclosure proceedings on Plaintiff's property ECF No. 44 at 1–2; ECF No. 26.

Plaintiff sued in August 2022. ECF No. 44 at 1–2. Among her litany of allegations, she claimed constitutional violations, violations of fiduciary obligations, unenforceability of the current deed of trust, wrongful debt collection, negligence, and unjust enrichment. ECF Nos. 26, 44. Defendant filed the instant Motion to Dismiss for failure to state claim (ECF No. 27).

## LEGAL STADARD

### A. FRCP 12(b)(6)

A court may dismiss a complaint when it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). For a complaint to survive, a plaintiff must assert specific, well-pleaded facts and avoid conclusory allegations. *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006). And Plaintiffs must plead enough facts to assert a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 678–79 (2009). A complaint is facially plausible when it alleges enough facts to allow a court to reasonably conclude that the Defendant is liable for the misconduct alleged. *Id.* at 663. But courts are not required to accept legal conclusions as true. *Id.* at 678.

## ANALYSIS

The Magistrate Judge recommended that Defendant's Motion to Dismiss be granted as to all of Plaintiff's claims. This Court agrees.

*First*, the Magistrate Judge concluded that Plaintiff failed to state both constitutional and breach-of-fiduciary-duty claims because: (1) Plaintiff failed to show sufficient facts to plead that Defendant is a state actor subject to the United States Constitution, and (2) Plaintiff failed to plead sufficient facts to demonstrate that Defendant was somehow Plaintiff's fiduciary as assignee of the Deed of Trust and Plaintiff's creditor. ECF No. 44 at 5.

*Second*, the Magistrate Judge concluded that Plaintiff failed to state a plausible claim that her current Deed of Trust was unenforceable, negating Defendant's rights to enforce payment or foreclose on the property. *Id.* at 6. In short, the Magistrate Judge reasoned that Plaintiff

failed to allege any facts to plausibly show Defendant's lien interest held through its Deed of Trust was invalid under Texas law. *Id.* at 6–7.

*Third*, the Magistrate Judge concluded that Plaintiff also failed to plead sufficient facts to conclude that Defendant wrongfully foreclosed upon her property or was negligent in doing so. *Id.* Moreover, the Magistrate concluded that Plaintiff failed to state a claim for unjust enrichment because unjust enrichment as a standalone cause of action is not recognized under Texas state law, citing *Richardson Hosp. Auth., v. Nnamdi Duru*, 387 S.W.3d 109, 114 (Tex.App.—Dallas, 2012, no pet.).

Plaintiff objected to the Magistrate Judge's Recommendation with a broadside of allegations. ECF No. 45. Among her various assertions, Plaintiff's response draws often difficult-to-follow conclusions based on blended legal rules to insist that Defendant is liable for this slew of misconduct. ECF No. 45 at 5–7.

Plaintiff then went on to accuse the Northern District of Texas itself of engaging in "criminal" conduct by rejecting her prior application for an Entry of Default, which allegedly allowed Defendant and the Northern District to conspire to "advocate the overthrow of the United States . . . constitutional form of government," "conduct criminal activities to create fear under domestic terrorism . . . under the usage of a Military flag," and—as if it could get worse—to "pillage and plunder [Plaintiff's] loot." *Id.* at 8–9.

At bottom, Plaintiff attempts to cut Defendant's foreclosure loose from its moorings by seeking a declaration that her second and current Deed of Trust is unenforceable. ECF No. 44 at 5. But beyond that, Plaintiff then tacks to argue that, in fact, her second Deed of Trust reversed the parties' roles to make *her* the creditor to whom Cendera Funding owes the sum secured by the Deed. *Id.*

Plaintiff's Complaint is deficient from stem to stern. ECF No. 44. While she attempts to chart a new course by arguing constitutional and fiduciary bases to support invalidating her Deed of Trust, she offers no evidence to allow the Court to reasonably draw her legal conclusions. ECF No. 26. Likewise, she offers no facts to support that the foreclosure has been conducted negligently, or to support her contention that her Deed of Trust or its assignment were deficient under Texas state law.

*Id*. Plaintiff also fails to show any facts to overcome the lack of recognition for her unjust enrichment claim under state law. *Id*.

Indeed, Plaintiff's Objections do no more than restate or augment the conclusory allegations stated in her amended Complaint. ECF No. 45. Additional conclusory accusations of misconduct—much less domestic terrorism—on the part of the Court and Defendant will do no aid in salvaging a sunken claim. *See Ashcroft*, 556 U.S. at 678 ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Further, Plaintiff offers no support for her contention that the execution of her second Deed of Trust and release of the first made her the creditor to her own loan. ECF Nos. 26, 45.

Therefore, for the reasons stated in the Magistrate Judge's Recommendation, this Court agrees that Plaintiff's Complaint has run aground.

## CONCLUSION

Having conducted a *de novo* review of the Magistrate Judge's FCR, and Plaintiff's Objections and Responses, the Court **ADOPTS** the reasoning in the Magistrate Judge's FCR and **OVERRULES** Plaintiff's Objections. Defendant's Motion to Dismiss (ECF No. 27) is **GRANTED.**

**SO ORDERED** on this **20th day** of **April 2023.**

*[Signature: Mark T. Pittman]*

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE